Chen v. Holder

BIA
A078 698 120

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

CAI MING CHEN,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-176-ag
NAC

_____

FOR PETITIONER: Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Saul Greenstein, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Cai Ming Chen, a native and citizen of China, seeks review of a December 23, 2009, order of the BIA denying his motion to reopen. *In re Cai Ming Chen*, No. A078 698 120 (B.I.A. Dec. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The underlying decision, for which reopening is sought, denied Chen's claim which was premised on the allegation that his wife suffered forced sterilization. After the BIA's rejection of that claim, Chen sought to reopen on the ground that he had begun to practice Falun Gong in this country (and that his wife was detained for her practice of Falun Gong in China). As an initial matter, because Chen has filed a timely petition for review from the denial of his motion to reopen, not from the underlying decision, we review only the denial of the motion to reopen, *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-

2

90 (2d Cir. 2001), and we dismiss, for lack of jurisdiction, Chen's petition insofar as he seeks review of the BIA's May 2009 decision.

As to the December 2009 decision, the BIA did not abuse its discretion in denying Chen's motion to reopen based on Chen's failure to establish his *prima facie* eligibility for relief. The only evidence in support of reopening was Chen's own affidavit in which he asserted that he practiced Falun Gong and that his wife had been arrested for practicing Falun Gong, and an affidavit from Chen's cousin, confirming that Chen practiced Falun Gong. Chen argues that he could not provide corroboration with his motion to reopen because he had to comply with the time limitations on such motions. However, the need to comply with the time limitations does not lighten the "heavy burden" of proffering sufficient evidence to establish a realistic chance of relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quotation omitted); *see also* 8 U.S.C. § 1229(a)(c)(7) (exceptions to timing requirements without mention of difficulty of obtaining evidence).

Because Chen's motion included no evidence to corroborate his claimed practice of Falun Gong or Chen's assertion that his wife was arrested, or his objective fear

3

of harm, the BIA did not abuse its discretion in finding that Chen's bare allegations did not establish *prima facie* eligibility for relief based on his purported practice of Falun Gong. *See Jian Hui Shao*, 546 F.3d at 160-61, 168, 170-72; *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (explaining that the movant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4